IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**MARTHA PAGLIUCA AND LOUIS PAGLIUCA**            **PLAINTIFFS**

VS.            CIVIL ACTION NO. 3:05CV99-WHB-JCS

**THYSSENKRUPP ELEVATOR CORPORATION
AND DEFENDANTS A, B AND C**            **DEFENDANTS**

## OPINION AND ORDER

This cause is before the Court on the Motion of Defendant Thyssenkrupp to Strike the Opinions of Plaintiffs' Expert Witness, Thomas A. Keller, or Alternatively, to Limit Opinions to be Offered to Those Expressed on November 11, 2005, or for Leave to Re-depose Keller, which was filed on May 26, 2006, under docket entry no. 50. Having reviewed the pleadings, the Court finds that Defendant will be allowed to re-depose Keller, but that all other forms of requested relief should be denied.

In this case, Plaintiffs seek damages for injuries allegedly incurred by Plaintiff Martha Pagliuca in an elevator accident. Plaintiffs designated Thomas A Keller as their expert on elevator maintenance. Keller expressed opinions through his expert designation of November 11, 2005. On May 3, 2006, Keller was deposed by Defendant. Defendant argues that Keller offered opinions in the May 3 deposition that were outside of the scope of the opinions rendered in the November 11 expert designation. Therefore, argues Defendant, the alleged "new opinions" should be

stricken. Plaintiffs argue that the opinions offered in the deposition were merely extensions of, or elaborations on the opinions stated in the expert designation; thus they should not be stricken.

The Court will not delve into defining whether Plaintiffs or Defendant have the correct view of Keller's deposition testimony. The problem can be solved by allowing Defendant an opportunity to re-depose Keller regarding the purported new opinions. Such will be ordered.

IT IS THEREFORE ORDERED that the Motion of Defendant Thyssenkrupp to Strike the Opinions of Plaintiffs' Expert Witness, Thomas A. Keller, or Alternatively, to Limit Opinions to be Offered to Those Expressed on November 11, 2005, or for Leave to Re-depose Keller (docket entry no. 50) is hereby granted in part and denied in part. The Motion is granted to the extent that Defendant will be allowed to re-depose Thomas Keller, with the subject matter of that deposition limited to the purported "new opinions" offered by Keller in his deposition of May 3, 2006. Defendant must bear the costs of the deposition, excluding any fees charged by Keller. The deposition must take place on or before **Wednesday, August 2, 2006**. The Motion is denied in all other respects.

SO ORDERED this the 112th day of July, 2006.

                                                s/ William H. Barbour, Jr.
                                                UNITED STATES DISTRICT JUDGE

tct